IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR SANTIAGO**,

    Plaintiff.

    v.

**UNITED STATES DEPARTMENT OF THE ARMY**, *et al.*,

    Defendants.

Civil No. 13-1700 (BJM)

## OPINION AND ORDER

Hector Santiago filed a complaint against the United States Department of the Army and John McHugh, Secretary of the Army, alleging workplace retaliation, in violation of Title VII of the Civil Rights Act and other federal laws. Docket No. 1 ("Compl."). The government moved to dismiss the complaint under Rule 12(b)(6) arguing that plaintiff's claim is barred by res judicata. Docket No. 11 ("Mot."). Plaintiff opposed, Docket No. 13 ("Opp."), and the Army replied, Docket No. 20. This case is before me on consent of the parties. Docket Nos. 14, 15. For the reasons that follow, the Army's motion is **DENIED**.

## STANDARD OF REVIEW

As an affirmative defense, res judicata ordinarily must be pleaded in the defendant's answer. Fed. R. Civ. P. 8(c). However, "where the substantive rights of parties are not endangered, it is within the discretion of the district court to permit [res judicata] to be raised by motion." *Díaz-Buxo v. Trias Monge*, 593 F.2d 153, 154 (1st Cir. 1979). This motion may be analyzed under the Rule 12(b)(6) standard. *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (motion to dismiss standard could have applied to res judicata motion if not converted to summary judgment).

In general, to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559

(2007).  However, a court should "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Boston Scientific Corp.*, 523 F.3d 75, 85 (1st Cir. 2008).  While a complaint need not contain detailed factual allegations in order to withstand dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted).  The court need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009).  The complaint must allege enough factual content to nudge a claim across the line from conceivable to plausible.  *Iqbal*, 556 U.S. at 680.

On a 12(b)(6) motion, the court may properly consider only facts and documents that are part of or incorporated into the complaint.  The court should not consider "documents not attached to the complaint, or not expressly incorporated therein," unless it is an official public record, a document the authenticity of which is not disputed by the parties, a document central to plaintiffs' claim, or one sufficiently referred to in the complaint.  *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

**BACKGROUND**

The following summary is based on the well-pleaded facts in the complaint and the record as reflected in a prior case, Civ. No. 11-1666 (GAG) ("*Santiago I*").

Plaintiff Hector Santiago is a resident of Puerto Rico.  In 2001, he began to work for the Army as a civilian employee at Fort Buchanan base in Puerto Rico.  Compl. ¶ 5.3.  Starting in early 2002, he was a budget analyst at the Resource Management Budget Office.  Compl. ¶ 5.5.  At the same time, he was assigned to be an Equal Employment Opportunity Commission ("EEO") Counselor, serving as a mediator between complaining employees and management.  Compl. ¶ 5.6.  In August 2007, he formally

became an EEO Specialist, a position more involved than an EEO Counselor. Compl. ¶ 5.8. Eight months later, in April 2008, he was appointed Acting EEO Director when his supervisor, EEO Director Magda Figueroa, took a leave of absence. Compl. ¶ 5.9. Throughout 2009, the Army was seeking to fill the EEO Director position. Santiago sought to be promoted to EEO Director, but was not selected. He claims that the Army did not select him in retaliation, because in his work as an EEO Counselor and Specialist, he took certain actions that were not favorable to his supervisors, Commander of the Army Installation Pedersen and EEO Director Figueroa. Compl. ¶¶ 5.11–5.13. In retaliation for not watching out for his superiors, the Army also allegedly precluded him from attending necessary trainings. Compl. ¶ 5.15.

Sometime in the first half of 2011, Santiago also requested a transfer from the EEO office "due to health problems and stress" from his work load. Compl. ¶ 5.16. In May 2011, he was re-assigned to the Logistics Office. Compl. ¶ 5.19.

**Two EEOC Complaints and *Santiago I***

On June 21, 2010, Santiago filed a formal complaint with the EEO office of the Department of the Army, alleging failure to train, unequal pay, and discrimination (claim no. ARIMSE10APR01929). *Santiago I*, Docket No. 18-1. All claims were dismissed, except for his failure to train claim. *Santiago I*, Docket No. 18-2. The EEO of the Department of the Army conducted an investigation into this latter claim and issued a final decision on April 14, 2011, dismissing the failure to train claim. *Santiago I*, Docket No. 18-3. He appealed this decision to the Office of Federal Operations ("OFO") of the EEOC in May 2011. *Santiago I*, Docket No. 18-4.

In July 2011, Santiago filed suit against the defendants in this court. *See* Civ. No. 11-1666. Two months later, in September, the OFO dismissed Santiago's administrative

appeal pursuant to 29 C.F.R. § 1614.409,[1] citing the filing of *Santiago I* in the district court. *Santiago I*, Docket No. 18-5.

Also in July 2011, Santiago filed a second complaint with the Army's EEO office, alleging that his reassignment in May 2011 was retaliation for filing the first EEOC complaint (claim no. ARIMSE11MAY02396). *Santiago I*, Docket No. 18-6. This second complaint was likewise dismissed because of his filing of *Santiago I* in the district court. *Santiago I*, Docket No. 18-8.

***Proceedings in Santiago I***

In *Santiago I*, the Army moved to dismiss the complaint for failure to exhaust administrative remedies, or in the alternative, for summary judgment on Santiago's failure to train claim. *Santiago I*, Docket No. 16. The court in *Santiago I* concluded that because plaintiff did not wait at least 180 days from his appeal of the first EEOC complaint, or the filing of his second EEOC complaint, before filing suit in the district court, his case must be dismissed for failure to exhaust administrative remedies. *Santiago I*, Docket No. 26, at 6–7. Judgment was entered dismissing Santiago's complaint on June 19, 2012. *Santiago I*, Docket No. 27. Plaintiff did not appeal the district court's decision in that case.

A month later, on July 17, 2012, Santiago requested reinstallation of his appeal before the OFO. Docket No. 13-3. The OFO received the request but has not acted on it. More than 180 days after filing the request for reinstallation, Santiago filed this action on September 16, 2013. Docket No. 1. Plaintiff claims that defendants' actions constituted unlawful retaliation, in violation of the Constitution and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a); 5 U.S.C. § 2301; 5 U.S.C. § 2302; and 29 C.F.R. § 1614.408. Compl. ¶ 6.2.

---

[1] § 1614.409 provides that the "[f]iling a civil action under § 1614.407 or § 1614.408 shall terminate Commission processing of the appeal."

# DISCUSSION

The government argues that the complaint should be dismissed in its entirety under the doctrine of res judicata (specifically, claim preclusion), and additionally, that Santiago's retaliatory reassignment claim should be dismissed for failure to exhaust administrative procedures. Mot 1; Docket No. 20, at 4.[2] Santiago contends that the court's dismissal in *Santiago I* was not "with prejudice" and thus was not an adjudication on the merits such that res judicata would apply to bar this instant action. Opp. 2. Santiago further asserts that he properly exhausted administrative remedies prior to re-filing his complaint in the district court. Opp. 4. I will first address the Army's claim of res judicata, and proceed to examine claims regarding exhaustion.

## I.    Res Judicata

The preclusive effect of a prior federal court judgment in a federal question case is governed by federal law. *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). Federal claim preclusion law bars the litigation of claims that were or could have been litigated in a prior adjudication. *Silva v. City of New Bedford*, 660 F.3d 76, 78 (1st Cir. 2011). For a judgment to have preclusive effect, there must be "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Banco Cent. Corp.*, 27 F.3d at 755. The defendant to an action has the burden of establishing the affirmative defense of res judicata. *Dillon v. Select Portfolio Servicing*, 630 F.3d 75, 80 (1st Cir. 2011).

---

[2] The Army in its reply also briefly states that the complaint should be dismissed for failure to state a claim of retaliation. Docket No. 20, at 4–5. Rather than including reasoned analysis, the Army simply refers the court to the motion to dismiss that was previously filed in *Santiago I*. And because the Army only raised the 12(b)(6) argument in its reply, Santiago did not address it in his opposition. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). For this reason, and in the interest of fairness, I decline to reach the issue of whether Santiago's complaint sufficiently states a valid cause of action for retaliation.

Case 3:13-cv-01700-BJM   Document 27   Filed 07/02/14   Page 6 of 7

Santiago v. U.S. Dep't of the Army, Civil No. 13-1700 (BJM)                                      6

Here, the parties do not dispute the second and third elements of the doctrine. Rather, the dispute centers around whether the prior judgment in *Santiago I* was a decision "on the merits."  Generally, a "district court's dismissal of plaintiffs' claims on exhaustion grounds" does not have preclusive effect and does not bar "a subsequent hearing on the merits of properly exhausted claims." *Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 14 (1st Cir. 2003).  This is because a dismissal based on failure to exhaust simply does not reach "the merits of plaintiffs' substantive claims," and only addresses "the question whether exhaustion is required." *Id.* at 15; *see also Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010) (holding no claim preclusion where first Title VII suit was dismissed for pre-mature filing of action before exhaustion of EEOC remedies).

Because it is undisputed that the first federal action, Civ. No. 11-1666, was dismissed for failure to exhaust administrative remedies, and the Army fails to proffer a cogent argument as to why this dismissal should otherwise be deemed "on the merits," defendants' res judicata defense must be rejected.[3]

## II.     Exhaustion of EEOC Remedies

The Army next argues for dismissal of plaintiff's retaliatory reassignment claim based on failure to exhaust administrative remedies.  But "[a] claim of retaliation for filing an administrative charge with the EEOC . . . may ordinarily be bootstrapped onto the other Title VII claim or claims arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process." *Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 86 (1st Cir. 2008).  "In other words, the retaliation claim survives what would otherwise be a failure to exhaust administrative remedies by virtue of its close relation to and origins in the other Title VII

---

[3] "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." *Velásquez Rodríguez v. Mun'y of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011).

discrimination claims." *Id.* at 86–87.[4]  Because Santiago's second EEOC complaint alleges that he was reassigned in retaliation for filing a prior EEOC complaint, this later retaliatory assignment claim is closely related to his other Title VII claims and need not independently satisfy administrative exhaustion requirements.

## CONCLUSION

For the foregoing reasons, the defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of July, 2014.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge

---

[4] Beyond asserting res judicata, the Army does not otherwise assert that Santiago's original EEOC complaint is still barred for failure to exhaust. Thus I decline to reach that issue.