IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR SANTIAGO**,

    Plaintiff,

    v.

**UNITED STATES DEPARTMENT OF THE ARMY**, *et al*.,

    Defendants.

Civil No. 13-1700 (BJM)

## OPINION AND ORDER

Hector Santiago filed a complaint against the United States Department of the Army and John McHugh, Secretary of the Army. Santiago, a civilian Army employee who worked in the Army's Equal Employment Opportunity ("EEO") office, alleges defendants retaliated against him for his role in processing discrimination claims, resulting in his non-selection for a promotion and his reassignment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and other federal laws.[1] Docket No. 1 ("Compl."). The government moves to dismiss on the grounds of res judicata and failure to exhaust administrative remedies, and in the alternative moves for summary judgment for failing to adduce admissible evidence of retaliation. Docket No. 34.[2] Santiago opposed the motion. Docket No. 47. The government replied. Docket No. 55. This case is before me on consent of the parties. Docket Nos. 14-15. For the reasons that follow, the Army's motion is **granted.**

---

[1] Santiago also claims a constitutional violation, and retaliation by the denial of training. Compl. ¶¶ 5.15, 6.2. Defendants allege that the constitutional claim is preempted by Title VII and the Civil Service Reform Act. Docket No. 34 at 12-14. Defendants also allege that the denial of training was a direct result of budget cuts, and affected employees other than Santiago. *Id.* at 4-5. Santiago withdraws his constitutional and denial of training claims in his response to defendant's motion. Docket No. 47 at 6, 8.

[2] The government cannot move to dismiss at this stage in the proceedings, having filed a responsive pleading and presented matters outside the pleadings to the court. Fed. R. Civ. P. 12. The res judicata and failure to exhaust arguments are thus considered under the summary judgment standard. *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party," *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004); a fact is "material" only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden on summary judgment lies always with the moving party; it is tasked with "informing the district court of the basis for its motion, and identifying those portions" of materials in the record "which it believes demonstrate the absence" of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where, as in the usual case, the moving party would not at trial be saddled with the burden of proof, it may discharge this threshold responsibility in two ways, either by producing evidence negating an essential element of the nonmoving party's claim, *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000), or by showing "that there is an absence of evidence to support the nonmoving party's case," *Celotex*, 477 U.S. at 325; *see* Fed. R. Civ. P. 56(c)(1)(B). Once that bar is cleared, "the burden shifts to the summary judgment target to demonstrate that a trialworthy issue exists," *Plumley v. S. Container, Inc.*, 303 F.3d 364, 368 (1st Cir. 2002), by "affirmatively point[ing] to specific facts" in the record revealing the presence of a meaningful dispute, *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995).

In assaying the parties' submissions, the court does not act as trier of fact and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). It must, rather, "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st

Cir. 1990). But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and may not escape on the back of "conclusory allegations, improbable inferences, and unsupported speculation," *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

## BACKGROUND

Except as otherwise noted, the following facts are those I consider undisputed and supported by competent evidence upon review of the parties' Local Rule 56 statements of facts.[3] *See* Docket Nos. 35 ("DSMF"), 46 ("PSMF"), 48 ("ASMF"), 56 ("RSMF").

**I.    Factual Background**

Santiago started his career as a civilian employee of the Army in 2001 when he accepted a Management Assistant position at Fort Buchanan. DSMF ¶ 1. In 2002, Santiago started doing collateral duty as an EEO Counselor, and moved to the EEO office full time as an EEO specialist in August 2007. *Id.* In April 2008, the EEO Director, Magda Figueroa ("Figueroa"), was absent and Santiago was named Acting EEO Director. *Id.* ¶ 2. Santiago continued to perform those duties, as well as the duties of EEO Specialist and EEO Counselor, until his reassignment in May 2011. *Id.* Santiago claims that while acting as Director he performed the same duties that Figueroa performed as Director. ASMF ¶¶ 23, 29-32, 57-58. Defendants present evidence to the contrary and claim that Santiago was not responsible for writing letters of acceptance and dismissal, nor for completing supervisory duties. RSMF ¶¶ 23, 29-32, 57-58.

---

[3] Local Rule 56 requires parties at summary judgment to submit brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court," *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

While acting in his EEO capacity, Santiago was not a witness in any case and did not make determinations of discrimination, but served a management role and tried to coordinate potential mediation between the parties. DSMF ¶ 5. Santiago never opined that discrimination had occurred in any case; nor was he ever in a situation where he felt like he was opposing discrimination against another employee. *Id.*

Santiago asserts that Figueroa and Gunnar Pedersen ("Pedersen"), Deputy to the Commander, retaliated against him based on his handling of six specific EEO claims transpiring between 2007 and 2009 that involved allegations against management. *Id.* ¶ 4; Compl. ¶¶ 5.11, 5.15. Defendants claim that Santiago does not remember the six claims or know anything about those claims that would cause management to retaliate. DSMF ¶ 4. Santiago admits to this lack of knowledge with the exception that he knows that Figueroa's name was mentioned in one of these claims. PSMF ¶ 4.

Santiago contends that Figueroa was disappointed that her name was written into a settlement agreement for an EEO claim in which she was not a proper defendant, as the employer is the only proper defendant under federal discrimination laws. DSMF ¶ 3. Santiago contends that Figueroa's disappointment motivated her complaint that Santiago did not "watch his commander's back" while acting as Director of the EEO Office. *Id.*

Santiago claims management did not hire him as the permanent Director because of Figueroa's complaint. DSMF ¶¶ 3, 7. Santiago claims that Pedersen's attitude towards him changed after Figueroa said that he wasn't watching Pedersen's back. PSMF ¶ 3. Santiago felt it was retaliation when Pedersen expressed his anger that claims filed against him were unfair or outrageous. DSMF ¶ 6. Colonel Cushman ("Cushman"), the Installation Commander, also expressed unhappiness at being the subject of complaints. *Id.*

Santiago contends that he applied for the position of Supervisory EEO Specialist, informally known as the Director position, three times. ASMF ¶ 1. Defendants allege that Santiago has been inconsistent on this subject, and cite to his deposition where he claimed he applied "at least once." RSMF ¶ 1. The parties agree, however, that the job was

advertised and Santiago was not selected in February 2009, July 2009, and January 2011. ASMF ¶¶ 3-4, 6-8. Santiago adds that he was interviewed for the Director position but was not hired. PSMF ¶¶ 3, 9.

In 2011, Santiago requested a transfer from the EEO Office due to health problems and stress created by a work load and by doing two full-time jobs. DSMF ¶ 8. Cushman offered Santiago other positions, but he did not like them and said he preferred to stay in his EEO position. *Id.* Santiago expressed interest in applying for the Director position, but Pedersen discouraged him from doing so. *Id.* ¶ 9. Cushman transferred Santiago to a Logistics Management Specialist position on May 8, 2011. *Id.* ¶ 8.

## II.     Procedural Background

Santiago made initial contact with the Army's Equal Employment Opportunity ("EMO") office on April 27, 2010, alleging that he had been subjected to discrimination based on age, gender, and national origin, and in reprisal for his processing of various administrative complaints during his tenure in the EEO office. DSMF ¶ 13. Santiago subsequently filed his first administrative complaint of discrimination on June 21, 2010. *Id.* Santiago asserted a laundry list of alleged wrongs, including that he was subjected to retaliation when he was not selected for the EEO Director position in February 2009. *Id.*

On July 9, 2010, the Army issued a letter accepting Santiago's complaint as to the denial of training in March 2010, but dismissed his non-selection claim and the denial of training in July 2009, as well as others, because they were not timely raised with the EEO counselor. *Id.* ¶ 14. Santiago qualifies that not all of his claims were dismissed for timeliness, but rather the majority were dismissed for failure to state a claim. PSMF ¶ 14.

On May 27, 2011, Santiago appealed the Army's final decision to the Office of Federal Operations ("OFO") at the Equal Employment Opportunities Commission ("EEOC"). DSMF ¶ 15. Santiago filed his second formal complaint of discrimination with the Army on July 6, 2011, alleging that he had been reassigned for retaliatory reasons to another position at Fort Buchanan. *Id.* ¶ 16. Santiago initiated Civ. No. 11-1666 (GAG)

Case 3:13-cv-01700-BJM   Document 60   Filed 07/31/15   Page 6 of 12

Santiago v. U.S. Dep't of the Army, Civil No. 13-1700 (BJM)                                              6

("*Santiago I*") on July 12, 2011, only 90 days after filing his appeal, and six days after filing his second administrative complaint. *Id.*

In *Santiago I*, the court held that Santiago had started the process to exhaust his remedies based on the filing of two administrative claims, but ultimately failed to complete the process. *Id.* ¶ 19. With regard to the first, which raised claims for denial of training and non-selection, Santiago appealed to the EEOC, but then filed his claim in this court after 90 days, without allowing the EEOC to rule on the appeal or waiting for 180 days to pass as required by the applicable regulations. *Id.*; *see* 29 C.F.R. § 1614.409. The reassignment claim, the subject of Santiago's second administrative filing, was dismissed because he filed his judicial complaint six days after filing his formal complaint with the Army EEO office and before the Army had an opportunity to investigate the claim. DSMF ¶ 19; *see* 29 C.F.R. § 1614. 107(a)(3). Judgment was entered on June 19, 2012. *Santiago I*. Plaintiff did not appeal the dismissal. DSMF ¶ 19.

A month later, on July 17, 2012, Santiago requested reinstallation of his appeal for non-selection before the OFO. Docket No. 13-3. After 180 days had passed, Santiago filed this action on September 16, 2013. Compl. On January 21, 2014, defendants filed a motion to dismiss on the grounds of res judicata and failure to exhaust administrative remedies, which was denied. Docket Nos. 11, 27. [4]

## DISCUSSION

**I.    Exhaustion of Administrative Remedies**

Santiago claims that defendants retaliated against him for his protected activities by non-selection and reassignment. Compl. ¶ 7. In order to advance a discrimination claim in federal court, Santiago must first exhaust his available administrative remedies. *Brown*

---

[4] Defendants again raise res judicata in this motion for summary judgment, but have not presented new evidence to justify a "with prejudice" determination, and the argument is again rejected. *See* Docket No. 27; s*ee Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 14-15 (1st Cir. 2003); *Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010).

Santiago v. U.S. Dep't of the Army, Civil No. 13-1700 (BJM)                                7

*v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976).[5]

### A. Non-selection

Exhaustion includes a statutory obligation to speak with an EEO counselor within 45 days of adverse employer action. 29 C.F.R. § 1614.105; *Roman-Martinez v. Runyon*, 100 F.3d 213, 216-17 (1st Cir. 1996). Defendants argue that Santiago failed to meet this requirement regarding his non-selection claim.[6]

Failure to comply with these requirements does not erect a jurisdictional bar to suit, however, but operates as a statute of limitations defense. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). It is an affirmative defense, which the defendant must plead and prove. *Bowden v. United States,* 106 F.3d 433, 437 (D.C. Cir. 1997); *see also Thomas v. Vilsack*, 718 F. Supp. 2d 106, 118 (D.D.C. 2010). Where the moving party bears the ultimate burden of proof, it is not enough to point to an insufficient showing by the opposition. The moving party must make an affirmative case and "cannot attain summary judgment unless the evidence that [it] provides . . . is conclusive." *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35 (1st Cir. 1998). Thus "an absence of evidence on a critical issue weighs against the party—be it the movant or the nonmovant—[that] would bear the burden of proof on that issue at trial." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 310 (1st Cir. 2001).

Santiago's administrative complaint for non-selection was filed on June 21, 2010, alleging non-selection in February 2009. DSMF ¶ 13. Both parties admit that Santiago was again not selected after an emailed job posting in July 2009. ASMF ¶¶ 6-7. Both parties stipulate that Santiago made his first EEO contact on April 27, 2010, more than 45 days

---

[5] While the court denied defendants' motion to dismiss for failure to exhaust administrative remedies, defendants here seek summary judgment contending that Santiago did not speak to an EEO counselor within 45 days of the adverse action of non-selection. Docket No. 27; 29 C.F.R. § 1614.105.

[6] Defendants make no similar failure-to-exhaust argument with respect to the 45 day obligation for the retaliatory reassignment claim.

Santiago v. U.S. Dep't of the Army, Civil No. 13-1700 (BJM)                                          8

after each of those instances of non-selection. DSMF ¶ 13. Summary judgment is therefore granted as to Santiago's claims of non-selection occurring in February and July of 2009.

The parties also stipulate, however, that a third instance of non-selection occurred in January 2011. ASMF ¶ 8. Defendants do not raise a date for first EEO contact (if any) following this non-selection. Defendants state that "plaintiff has never denied his failure to meet this obligatory deadline and offers no viable theory as to how these claims can be revived." Docket No. 34, at 16. However, defendants improperly assign this duty of establishment to plaintiffs. As an affirmative defense, it is defendants' burden to provide conclusive evidence on the issue. See *Torres Vargas,* 149 F.3d at 35. Summary judgment on this ground is denied as to the January 2011 non-selection.

### B. Reassignment

Defendants next argue that Santiago has not exhausted administrative remedies with respect to his claim of retaliatory reassignment. This claim, it will be remembered, was dismissed by this court in *Santiago I* due to plaintiff's failure to perfect the exhaustion process. DSMF ¶ 19. The question, then, is whether Santiago completed that process before returning to court to file the present case. The record establishes that he did not. Rather, the EEO dismissed his retaliatory reassignment claim pursuant to 29 C.F.R. 1614.107(a)(3) once he filed *Santiago I*, and Santiago does not allege that he ever attempted to revive this claim after its dismissal. DSMF ¶ 16. He requested reinstallation of his appeal for non-selection, but does not mention reassignment in that document. Docket No. 13-3.

Santiago argues that the retaliatory assignment claim can be bootstrapped onto the non-selection claim and share in its proper exhaustion of remedies. Docket No. 47 at 6-7. A claim of retaliation for filing an administrative charge with the EEOC may ordinarily be bootstrapped onto the other Title VII claim or claims raised in the administrative charge and considered by the district court even though it has not been put through the administrative process. *Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 86-87 (1st Cir. 2008); *see also Clockedile v. N.H. Dep't of Corr.*, 245 F.3d 6 (1st Cir. 2001). This

is so because such a claim of retaliation is "reasonably related to and grows out of the discrimination complained of to the [EEOC]—*e.g.,* the retaliation is for filing the agency complaint itself." *Clockedile*, 245 F.3d at 6. Shared factual allegations can also establish the requisite reasonable relation for bootstrapping. *Garayalde-Rijos v. Municipality of Carolina,* 747 F.3d 15, 22 (1st Cir. 2014).

However, Santiago does not allege that he was reassigned in retaliation for filing an administrative charge with the EEOC; rather, he alleges only that he was reassigned in retaliation for his work as an EEO officer. Compl. As for shared factual allegations, the retaliatory reassignment claim is largely dependent on the actions of Cushman, the employee responsible for his reassignment. But Santiago does not allege in his first administrative complaint that Cushman played any role in his discrimination. This reassignment claim thus does not assert retaliation for his previous EEO filing for non-selection, nor does it "grow out of the discrimination complained of to the agency" at that time. *Clockedile*, 245 F.3d at 6. Without the ability to bootstrap this claim onto a properly exhausted Title VII claim, the reassignment claim has not exhausted its remedies and summary judgment is granted.

## II. Title VII Retaliation Claim
### A. Non-Selection

Despite proper exhaustion of administrative remedies for at least one of the non-selection claims, the government argues that Santiago's claim should be dismissed as a matter of law.

Santiago can bring a claim of retaliation according to the anti-retaliation provision of Title VII. 42 U.S.C. § 2000e-3(a). To make out a prima facie case of retaliation Santiago must show that (1) he engaged in an activity protected by Title VII, (2) he suffered adverse employment decisions, and (3) that there is a causal connection showing that the adverse action was taken because of the protected activity. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 55 (1st Cir. 2004).

For purposes of summary judgment, defendants do not contest the first two elements of a retaliation claim, but assert that Santiago cannot establish the third element of his prima facie case, namely, a causal connection between the protected conduct and the adverse action. Docket No. 34. Plaintiffs asserting Title VII retaliation claims "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2520 (2013). It is not enough that retaliation was a "'motivating' factor" for the adverse employment action. *Ponte v. Steelcase Inc.*, 741 F.3d 310, 321 (1st Cir. 2014). The causal connection is, however, "a small showing that is not onerous and is easily made." *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 38 (1st Cir. 2003).

A showing of "temporal proximity alone can suffice to meet the relatively light burden of establishing a prima facie case of retaliation." *DeCaire v. Mukasey*, 530 F.3d 1, 19 (1st Cir. 2008); *see also Collazo*, 617 F.3d at 49–50 (finding temporal proximity of 11 days between first protected activity and termination sufficient to establish prima facie case). However, three- and four-month periods have been held insufficient to establish a causal connection based on temporal proximity. *See Calero-Cerezo,* 355 F.3d at 25; *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 209 (10th Cir. 1997); *Hughes v. Derwinski,* 967 F.2d 1168, 1174–75 (7th Cir. 1992). Santiago describes his protected activity as his involvement as a counselor in six EEO claims. The six claims occurred between 2007 and 2009, and his remaining non-selection claim arose in 2011. Docket No. 37-2; ASMF ¶ 8. More than two years had lapsed between the allegedly protected activity and the adverse action.

While causality is not shown through temporality here, evidence of discriminatory or disparate treatment between the protected activity and the adverse employment action can be sufficient to show the required causal connection. *Che*, 342 F.3d at 38. If "names, dates, incidents, and supporting testimony . . . give rise to an inference of discriminatory animus, the dispute must be subjected to the fact finding process." *Petitti v. New England*

*Tel. & Tel. Co.,* 909 F.2d 28, 34 (1st Cir. 1990) (quoting *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 895 (1st Cir. 1988)).

Santiago alleges that the Executive Officer and Deputy Commander—Figueroa, and Pedersen—were openly bothered by six EEOC claims against management. DSMF ¶¶ 3-4, 6. The installation commander, Cushman, also "expressed unhappiness" at being the subject of complaints. DSMF ¶ 6. Figueroa accused Santiago of not watching Pedersen's back. *Id.* ¶ 3. Santiago expressed in his deposition that Pedersen's attitude towards him changed once Figueroa made that comment. PSMF ¶ 3. Pedersen discouraged Santiago from applying for the permanent director position and ultimately he was not hired, despite the fact that he had been acting as director for three years. DSMF ¶¶ 2-3, 9.

Santiago does not mention in the record which personnel are responsible for decisions on hiring. Statements made by non-decision-makers "normally are insufficient, standing alone, to establish either pretext or the requisite discriminatory animus." *Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 70 (1st Cir. 2002) (*citing Straughn v. Delta Air Lines, Inc.,* 250 F.3d 23, 36 (1st Cir.2001)); *see also Ayala-Gerena v. Bristol Myers-Squibb Co.,* 95 F.3d 86, 96 (1st Cir.1996). All statements and comments made by Pedersen, Figueroa, and Cushman are therefore not informative as to the discriminatory animus preceding the reassignment without information as to who operates as the decision-maker.

Moreover, Santiago does not cite to animus arising from management other than expressed unhappiness at being the subject of claims, and a stray remark about "not watching the commander's back." DSMF. ¶ 6, 13. "Ambiguous comments or stray remarks that do not necessarily refer to discriminatory animus are not probative." *Torres-Alman v. Verizon Wireless Puerto Rico, Inc.,* 522 F. Supp. 2d 367, 391 (D.P.R. 2007) (citing *Moreno Morales v. ICI Paints,* 383 F.Supp.2d 304, 316 (D.P.R.2005)). Santiago thus does not establish causation through either temporality or discriminatory animus. *See Collazo*, 617 F.3d at 46; *Che*, 342 F.3d at 38. Accordingly, summary judgment is granted as to Santiago's remaining non-selection claim.

### B. Reassignment

Even if Santiago had exhausted all administrative remedies for his retaliatory reassignment claim, dismissal as a matter of law is still warranted. For many of the same reasons discussed above, Santiago does not establish a genuine dispute as the material element of causation.

The parties agree that Santiago requested reassignment in 2011, but once offered other positions said he preferred to stay at his current post. *Id.* ¶ 8. Cushman then proceeded to transfer Santiago to logistics. *Id.* Santiago asserts that his reassignment would not have transpired but for his protected work for the EEOC.

Temporality is not shown, as the six claims comprising the protected activity transpired between 2007 and 2009, and Santiago was reassigned on March 8, 2011. As for discriminatory animus, Santiago does not allege that Figueroa and Pedersen were involved in his reassignment, thus their alleged behavior is not probative. It is unclear whether Cushman was the final decision-maker regarding the reassignment. Even assuming that was his role, Santiago does not cite to animus arising from Cushman other than his expressed unhappiness at being the subject of claims. Ambiguous comments and stray remarks are not probative. Accordingly, and in the alternative to judgment for failure to exhaust, summary judgment is granted as to the reassignment claim.

### CONCLUSION

For the reasons above, defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 31st day of July, 2015.

                                                **S/Bruce J. McGiverin**
                                                BRUCE J. MCGIVERIN
                                                United States Magistrate Judge